[No. 8393.]

REIL v. THE PEOPLE.

CRIMINAL LAW—*Former Jeopardy.* One acquitted of sexual intercourse with an unmarried female under eighteen years of age is not liable to prosecution under the statute for failure to support the illegitimate child alleged to be the fruit of the same illicit intercourse averred in the first information.

*Error to Jefferson County Court.* Hon. ALEXANDER D. JAMESON, Judge.

Mr. A. D. QUAINTANCE, for plaintiff in error.

Messrs. CRUMP & ALLEN, *Amici Curiae.*

Hon. FRED FARRAR, Attorney General, Mr. CLEMENT F. CROWLEY, Assistant, for The People.

Mr. JUSTCE GARRIGUES delivered the opinion of the court.

*Statement of the Case:*

May 4, 1914, the District Attorney filed an information in the County Court of Jefferson county, charging that Roy Reil on May 5, 1913, and thence continually to April 13, 1914, at that county and state, did willfully neglect, fail and refuse to provide reasonable support and maintenance for Roy Etta May Reil Giggey, his illegitimate child under 16 years of age, and did willfully fail,

refuse and neglect to provide proper care, food and clothing for Lois Giggey, the mother of the child, during childbirth and attendant illness. To this information defendant interposed a special plea of former jeopardy and autrefois acquit, which alleges:

That at the November term of the District Court of Jefferson county he was tried by a jury duly empaneled and sworn, upon an information charging that August 16, 1912, he feloniously had sexual intercourse with Lois Giggey, an unmarried female person under the age of 18 years; that the state offered evidence upon three separate acts of sexual intercourse, to-wit: One August 11, 1912, another August 16, 1912, and another on some date between August 16, 1912, and August 29, 1912; that she testified on the trial that these were the only offenses committed upon her by him; that evidence of the birth of Roy Etta May Reil Giggey was offered in corroboration of the commission of the charge, and the child was produced in court, pointed out to the jury on the trial, and they heard her cry; that Lois Giggey testified she was under the age of 18 years when all of the alleged transactions were committed; that at the conclusion of the People's evidence defendant's counsel moved that the prosecution elect upon which one of the offenses the state would rely to secure a conviction, which was denied, and he was forced to defend and was in jeopardy as to all three; that at the conclusion of the evidence the People elected to ask for a conviction on the offense testified to as having occurred August 16, and the jury returned a verdict of acquittal; that the matters set out and the evidence to support the information herein were admissible, and were admitted in evidence upon the former trial wherein he was acquitted, and the evidence of the People on the former trial was such that had the jury believed it, a verdict of guilty might properly have been returned; that the jury having passed upon that evidence at the

former trial, and returned a verdict of not guilty, defendant cannot again be put in jeopardy for the same matters; that he has been in jeopardy of the same facts, matters and transactions charged against him herein, in which the same evidence will be admissible as in the former case, and he tenders and offers to prove all of the facts and matters set forth in this plea and demands a jury trial thereon.

The People demurred to the plea for the reason that it does not state facts sufficient to constitute a plea and answer to the information, which was sustained and defendant ordered to plead. May 22, 1914, he pleaded not guilty, and was placed on trial. May 28, 1914, the jury returned the following verdict:

"We, the jury, find the defendant Roy Reil guilty in manner and form as charged in the information filed herein."

After motions for a new trial and in arrest of judgment were overruled, June 20, 1914, the defendant was sentenced by the court to not less than four nor more than six months in the penitentiary, and he brings the case here on error.

*Opinion of the Court:*

1. One Lois Giggey, an unmarried female under the age of 18 years, gave birth to an illegitimate child of which she claimed defendant, Roy Reil, was the father. She thereafter caused his arrest and trial in the District Court of Jefferson county, upon a charge of sexual intercourse with her, an unmarried female person under the age of 18 years; which is a statutory offense punishable by imprisonment in the penitentiary. Upon this trial she testified that she was under the age of 18 years when all the acts of sexual intercourse occurred; that there were but three such acts with defendant, one on August 11, one on August 16, and the other some time between August 16 and August 29, 1912. In corroboration of her

testimony she produced the child in evidence in court on the trial, and testified that defendant was its father, and that it was the result of these acts of sexual intercourse. At the close of the People's evidence, defendant's counsel moved that the prosecution be required to elect upon which transaction it would ask for a conviction. The request was refused, which made it incumbent on Reil to defend against and introduce evidence on all the transactions. At the close of all the evidence, the People elected to rely for a conviction upon the transaction testified to by her as having occurred on August 16, and the jury returned a verdict of acquittal upon the merits. She afterwards caused the arrest and trial of the defendant in the same court upon a charge of non-support of the same child and herself, upon the ground that he was its father, which under the statute, is a crime punishable by imprisonment in the penitentiary, and on this trial the jury returned a verdict of guilty. The demurrer to the plea of autrefois acquit, which was sustained, admitted all these facts, and the question is whether the first prosecution is a bar to the second.

2. The two alleged crimes are so clearly allied and dependent upon the same evidence, that an acquittal in the former bars the subsequent prosecution. Proof of the charge of being the father of the child depended upon the identical facts charged in the former case, and acquittal upon the merits was a bar to this prosecution charging him with being the father of the child which it is alleged he neglected to support. The same ingredient is the basis of both charges. The crime of non-support is grounded upon the fact of its being his illegitimate child. To prove this, it would be necessary to prove on the trial at least one of the identical acts and facts of sexual intercourse of which he had at the previous trial been placed in jeopardy. The issue upon acquittal was upon the merits as to the main acts, and

not upon the allegation of the female being over the age of 18 years. If the acquittal was upon the latter ground, so that he might still have been the father of the child, that should have been set up by an answer. To acquit on the former trial it was as necessary for the jury to find that he was not the father of the child as it would be necessary in the latter case to convict, for them to find that he was the father of the child.

But it is said that while the facts are the same, the crimes are not, therefore defendant has not been in jeopardy of the crime charged. True, they are not the same in name, but in character and identity of evidence they are closely associated. When accused was tried and acquitted upon the merits of the charge of having sexual intercourse with the prosecutrix, he was placed in jeopardy upon all acts of sexual intercourse concerning which evidence was given at that trial, and he could not subsequently be convicted upon a charge of not supporting the child claimed to have been begotten at such time. The jury could not carve out of the evidence that he was the father of the child without proof of some identical act of sexual intercourse upon which he had been acquitted.

In 12 Cyc. 288, it is said:

"Doubtless an acquittal upon the charge of assault and battery would be a bar to a subsequent indictment for rape, where both charges are based on the same transaction."

The point is made that the title of the Act: "To compel men to support their wives and children," (Laws 1911, p. 257), refers to legitimate children, and is not broad enough to include a criminal prosecution under it for the non-support of an illegitimate child and its moth-

er.  Upon this contention the court expresses no opinion. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Decision *en banc.*

Mr. JUSTICE TELLER specially concurring.

Mr. JUSTICE SCOTT dissents.